[Civ. No. 8798.  Second Appellate District, Division Two.—October 29, 1934.]

ANNA KAMISCHER, Appellant, v. JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY (a Corporation), Respondent.

Pelton & Warne and Clore Warne for Appellant.

Meserve, Mumper, Hughes & Robertson and E. Avery Crary for Respondent.

SCOTT, J., *pro tem.*—Defendant issued a policy dated April 8, 1931, insuring the life of Meer Kamischer, husband of plaintiff.  The insured was drowned May 31, 1931.  The

first premium on the policy was paid June 1, 1931, repayment thereof tendered by defendant upon fact of death becoming known and such tender refused. Upon refusal of defendant to pay plaintiff as beneficiary the amount of the death benefit under the policy, this action was instituted. At the close of plaintiff's case motion for nonsuit was granted, and from judgment thereon plaintiff appeals.

█ Although grounds for the motion for nonsuit were not stated with definiteness, it is apparent from the record that the ground relied upon was that plaintiff by her case affirmatively showed that the premium had not been paid within the lifetime of the insured, and that therefore the policy was not in effect.

At the time the policy was applied for one Levy, sales agent, told the insured his credit was good, that no note for the premium was required and that he could pay it within sixty days from the date of the policy. The policy contained the following: "This insurance is granted in consideration of the application herefor, a copy of which is attached hereto and made a part of this contract, and of the payment of the annual premium of One Hundred Seventy-One and 65/100 Dollars and of the payment of a like premium on or before the Eighth day of April in each succeeding year . . . " Appellant refers to Civil Code, section 2598, which reads: "An acknowledgment in a policy of the receipt of premium is conclusive evidence of its payment, so far as to make the policy binding, notwithstanding any stipulations therein that it shall not be binding until the premium is actually paid." The language of the policy above quoted is in effect an acknowledgment of the receipt of the premium, and by reason of the code provisions respondent is precluded from the defense that the premium was not paid. (*Masson* v. *New England Mut. Life Ins. Co.,* 85 Cal. App. 633 [260 Pac. 367], and cases therein cited.)

█ The fact that the application for the insurance was, by its terms, a part of the policy does not change the effectiveness of the code section cited, notwithstanding it purported to provide that the policy should not be effective unless the first premium installment had been paid before death.

Judgment reversed.

Stephens, P. J., and Desmond, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 27, 1934.