[Civ. No. 10416. Second Appellate District, Division Two.—September 26, 1935.]

ANNA KAMISCHER, Respondent, v. JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY (a Corporation), Appellant.

Meserve, Mumper, Hughes & Robertson for Appellant.

Pelton & Warne for Respondent.

GOULD, J., *pro tem.*—On or about April 8, 1931, appellant issued and delivered its life insurance policy for $5,000 with an additional $5,000 for accidental death to Meer Kamischer, with respondent Anna Kamischer, wife of insured, as beneficiary. Insured met accidental death by drowning May 31, 1931. No premium had been paid at that time, but the first premium was paid the day after insured's death. Upon refusal of appellant to pay the amount of the policy respondent filed suit. On the first trial appellant's motion for nonsuit was granted, but on appeal from the subsequent judgment this court reversed that order. (*Kamischer* v. *John Hancock etc. Co.*, 1 Cal. App. (2d) 629 [37 Pac. (2d) 126].) Upon a retrial of the case in the superior court judgment was entered for the beneficiary and against the insurance carrier in the sum of $10,000 and interest.

Appellant now urges that inasmuch as the premium was not paid at the date of issuance of the policy the beneficiary must establish that an extension of credit was given to the insured, if she is to recover. This point was necessarily involved in this court's prior determination of the matter. In its opinion this court said: ''The language of the policy . . . is in effect an acknowledgment of the receipt of the premium, and by reason of the code provisions [sec. 2598, Civ. Code] respondent is precluded from the defense that the premium was not paid.'' We regard the entire question as settled by the former appeal, which established the law of the case and was proper to have been considered by the court in the trial from which the present appeal eventuated. (*Estate of Baird*, 193 Cal. 225 [223 Pac. 974].)

Judgment affirmed.

Wood, J., and Crail, P. J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 25, 1935.